IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 02-174 |
| ONDRE JONES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER OF COURT**

Presently before the Court is Defendant Ondre Jones' *pro se* Motion for Early Termination of Supervised Release, which is opposed by the Government. (Docket Nos. 123, 126). After careful consideration of the parties' positions, Defendant's Motion will be denied.

**I.  BACKGROUND**

On August 28, 2002, Defendant was charged at Count One of the Indictment in this case with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846, and at Count Two with distribution and possession with intent to distribute heroin which caused the death of another individual, in violation 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Docket No. 1). Following Defendant's guilty plea to the charges, the Honorable Robert J. Cindrich sentenced Defendant on October 24, 2003, to an aggregate term of 240 months' imprisonment followed by a 5-year term of supervised release. (Docket Nos. 73, 75).

Defendant was released from prison on March 1, 2019, at which time his term of supervision commenced. (*See* Docket No. 126-1). Defendant's case was reassigned to this member of the Court on March 28, 2023, when he filed the pending Motion. Defendant submits that early termination of supervision is warranted because he has completed most of his supervised

1

release, he has not had any violations, he is gainfully employed, and he has the support of his family. (Docket No. 123, ¶¶ 2-4). On April 11, 2023, the Government filed a Response opposing Defendant's Motion for early termination of supervised release. (*See* Docket No. 126). As set forth in the Government's Response, the Probation Office takes no position on Defendant's Motion. (*Id.* at 3, n.3). Defendant did not file a Reply by the established deadline of April 25, 2023, (*see* Docket No. 125), thus the matter is ripe for disposition.

## II.   **DISCUSSION**

Pursuant to 18 U.S.C. § 3583(e), a sentencing court may terminate a term of supervised release prior to its expiration. In accordance with that provision, after considering the applicable factors set forth in 18 U.S.C. § 3553(a),[1] a court may terminate a defendant's term of supervised release after the expiration of one year of supervision, if the court is satisfied that such action is warranted by the defendant's conduct and the interest of justice. *See* 18 U.S.C. § 3583(e)(1). The court's determination whether early termination of supervised release is warranted by the defendant's conduct and the interest of justice is a discretionary decision. *United States v. Bayard*, 537 F. App'x 41, 42 (3d Cir. 2013).

In *United States v. Melvin*, 978 F.3d 49 (3d Cir. 2020), the Third Circuit Court of Appeals clarified the standard for the district court to employ when considering whether to exercise its discretion to grant early termination of supervised release. The Third Circuit first explained that

---

[1] Pursuant to 18 U.S.C. § 3583(e)(1), the applicable § 3553(a) factors are the nature and circumstances of the offense and the defendant's history and characteristics; the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentence and sentencing range established for the defendant's crimes; pertinent policy statements issued by the United States Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7).

2

§ 3583(e)(1) requires a court entertaining a motion for early termination of supervised release to consider the applicable § 3553(a) factors. *Id.* at 52. The court is "not required to make specific findings of fact with respect to each of these factors; rather, a statement that [the district court] has considered the statutory factors is sufficient." *Id.* at 52-53 (internal quotation marks and citation omitted). After considering the applicable § 3553(a) factors, the court may provide relief "only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Id.* at 52 (citing 18 U.S.C. § 3583(e)(1)). To that end, "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (citation omitted).

Notably, the Third Circuit held in *Melvin* that "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Melvin*, 978 F.3d at 53. In so ruling, the Third Circuit explained that "extraordinary circumstances may be *sufficient* to justify early termination of a term of supervised release, but they are not *necessary* for such termination." *Id.* (emphasis in original) (citing *United States v. Murray*, 692 F.3d 273, 279 (3d Cir. 2012)). As the Court further observed, "*[g]enerally*, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *Id.* (emphasis in original) (internal quotation marks and citation omitted). Nonetheless, it "disavow[ed] any suggestion that new or unforeseen circumstances must be shown." *Id.* To reiterate, a district court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* at 52 (citation omitted).

3

In view of the standard laid out in *Melvin*, this Court initially considers the pertinent § 3553(a) factors as instructed in § 3583(e)(1) to determine whether early termination of Defendant's supervision is warranted by his conduct and in the interest of justice based on his current circumstances as set forth in his Motion.

The Court first observes that the nature and circumstances of the offenses of conviction – conspiring to distribute heroin and distributing heroin which caused the death of another individual – are extremely serious offenses.  Drug trafficking involving a dangerous, addictive controlled substance like heroin oftentimes inflicts devastating consequences on members of the community, as was the case here.  To that end, the particular circumstances surrounding the individual's death who ingested heroin supplied by Defendant are particularly tragic.  On February 21, 2000, Defendant provided heroin to a female who died that evening as a result of a heroin overdose. (PIR, ¶ 15).  The next day, Defendant hid the victim's body in the closet of his father's apartment, later transported her body to his mother's residence, and then buried her in a shallow grave in the back yard.  (*Id.*).  After the victim's family filed a missing persons report, a police investigation eventually led to a search of Defendant's mother's residence, where investigators located the victim's body in the shallow grave on April 12, 2000.[2]  (*Id.*, ¶ 16).  The seriousness of Defendant's conduct underlying the offenses is reflected by the significant aggregate sentence of imprisonment Judge Cindrich imposed upon him.

As for Defendant's history and characteristics, he did not have any prior convictions which resulted in the assignment of criminal history points, but he was on ARD supervision in state court for having provided false information to the police when he was charged in this case.  (PIR, ¶ 42). Additionally, Defendant had a history of marijuana and alcohol use beginning at age 17, which

---

[2]   As a result of the victim's tragic death, her parents adopted her then 4-year old daughter.  (PIR, ¶ 18).

continued until his arrest in this case. (*Id.*, ¶ 49). That said, Defendant is now 42 years old and claims that he "is gainfully employed and continues to live with the support of his family," (Docket No. 123, ¶ 3), yet he provides no further detail or evidentiary support for these assertions. Defendant's Motion otherwise contains no information concerning his history and characteristics, such as information about any rehabilitative efforts he has undertaken since his release to supervision, which persuades this Court that supervision should now be terminated. All told, Defendant's history and characteristics and the extremely serious nature of his offenses weigh against the early termination of his supervised release.

The Court also finds that the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of Defendant, *see* 18 U.S.C. § 3553(a)(2)(B)-(C), weigh against early termination.[3] While it is laudable that Defendant has not had any violations while on supervised release, (*see* Docket No. 123, ¶ 4), his compliance "may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community." *United States v. Miles*, Crim. No. 13-252, 2020 WL 4904019, at *3 (W.D. Pa. Aug. 20, 2020). Accordingly, continued supervision is necessary for its deterrent effect so that Defendant remains on a productive, law-abiding path and avoids engaging in any illicit conduct. Continued supervision also will serve to protect the public from any further criminal activity by Defendant.

Next, the Court does not believe that consideration of the kinds of sentence and sentencing range established for Defendant's crimes, any pertinent policy statements issued by the United

---

[3] Based on the present record, the Court does not find that consideration of the need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D), is relevant or applicable.

States Sentencing Commission,[4] and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. §§ 3553(a)(4), (a)(5) and (a)(6), are particularly relevant here.  Nonetheless, the Court notes that the applicable guideline range was 240 months' imprisonment and at least 4 years but not more than 5 years' supervised release.  (PIR, ¶¶ 58, 60, 61).  In this Court's estimation, the 5-year term of supervised release imposed by Judge Cindrich remains appropriate, and there is no evidence that this factor warrants early termination of supervised release.  Likewise, "[t]here is no evidence that [Defendant's] term of supervised release should be terminated to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." *United States v. Welling*, Crim. No. 20-167, 2021 WL 409834, at *4 (W.D. Pa. Feb. 5, 2021).  Finally, the need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7), is not necessarily a relevant consideration, as the Government represents that the restitution imposed in this case has been paid.  (Docket No. 126 at 6).

Having considered the § 3553(a) factors, the Court concludes that early termination of supervised release is not warranted by Defendant's conduct and it is not in the interest of justice.  *See Melvin*, 978 F.3d at 52 (citing 18 U.S.C. § 3583(e)(1)).  Although Defendant is to be commended for his compliance to date, the Court observes that "[c]ompliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release." *Welling*, 2021 WL 409834, at *4 (emphasis in original) (citations omitted).  Overall, considering the foregoing § 3553(a) analysis, especially the serious

---

[4] As to this factor, the Court notes that Application Note 5 to U.S.S.G. § 5D1.2, which addresses early termination and extension of supervised release, recognizes that a court has authority to terminate or extend a term of supervised release and encourages the court to exercise this authority in appropriate cases.  For reasons discussed herein, the Court does not find that this is an appropriate case in which to exercise its authority to terminate Defendant's supervised release early.

nature of Defendant's offenses, the need to deter criminal conduct, and the need to protect the public, the interest of justice is best served by Defendant completing his term of supervised release.

Finally, in analyzing whether early termination of supervision is warranted, the Court is cognizant that "the primary purpose of supervised release is to facilitate the reentry of offenders into their communities, rather than to inflict punishment." *Murray*, 692 F.3d at 280. Here, Defendant does not contend that the terms of his supervised release are somehow impeding his reentry into his community or merely inflicting punishment on him. Overall, the Court concludes that the 5-year term of supervised release is not greater than necessary to achieve the § 3553(a) sentencing goals and it is not contrary to the interest of justice.

### III. CONCLUSION

After considering the specified factors set forth in 18 U.S.C. § 3553(a), the Court finds that early termination of Defendant's term of supervised release is not warranted by his conduct and it is not in the interest of justice. Accordingly, the Court will deny Defendant's Motion for early termination of his supervision.

An appropriate order follows.

### ORDER OF COURT

AND NOW, this 2nd day of May, 2023, for the reasons set forth in the Memorandum above, IT IS HEREBY ORDERED that Defendant's *pro se* Motion for Early Termination of Supervised Release, (Docket No. 123), is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record

United States Probation Office

Ondre Jones (via U.S. mail)
309 Crawford Avenue
Duquesne, PA  15110